TROUTMAN PEPPER HAMILTON SANDERS LLP
Peter N. Villar (SBN 204038)
peter.villar@troutman.com
Bryan M. Sonksen (SBN 336174)
bryan.sonksen@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: 949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendant
PAYCOM PAYROLL, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFF DUTY OFFICERS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PAYCOM PAYROLL, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'23CV1394 LAB SBC**<br><br>**DEFENDANT PAYCOM PAYROLL, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441** |

- 1 -
DEFENDANT PAYCOM PAYROLL, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441

160244531

TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Paycom Payroll, LLC ("Paycom") hereby removes this action from the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Removal is proper because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1332. Accordingly, Paycom removes this action and states as follows:

## I.   TIMELINESS OF REMOVAL

This Notice of Removal is timely as it is filed within thirty (30) days of June 30, 2023, the date of service of the Summons and Complaint on Paycom. *See* 28 U.S.C. § 1446(b)(1).

## II.   FOR PURPOSES OF REMOVAL, VENUE IS PROPER IN THIS COURT

For purposes of removal, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the U.S. District Court for the Southern District of California is the federal judicial district encompassing the Superior Court for the County of San Diego where the action was originally filed. *See* 28 U.S.C. § 84(d). Paycom reserves the right to seek transfer of this action to a federal court in the State of Oklahoma per the binding forum selection clause in the parties' governing agreement.

## III.   THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a), which vests the United States District Courts with power to hear

any case where the amount in controversy exceeds $75,000 and where no plaintiff shares a state of citizenship with any defendant.

### A.     Off Duty and Paycom Reside in Different States

Complete diversity exists among the parties to this action such that removal is proper under section 1332(a).  For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").  Except in unusual circumstances, a corporation's headquarters is its nerve center.  *Id.*

For diversity jurisdiction purposes, a limited liability company "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  If a member of a limited liability company is itself a limited liability company, courts determine citizenship by "tracing the layers of membership[.]"  *Tschakert v. Hart Energy Pub., LLLP*, No. 10CV2598-L WMC, 2011 WL 3568117, at *2 (S.D. Cal. Aug. 15, 2011).  In doing so, courts will "consider the citizenship of the members' members, and then the members' members' members and so on, because an LLC's members may include other entities, such as partnerships, corporations, or even additional LLCs."  *Id.*

Here, Off Duty admits in its Complaint that it is incorporated in the State of California and has its principal place of business in Vista, California.  (Compl. ¶ 1.)  Therefore, Off Duty is a citizen of California only.

In contrast, and as admitted by Off Duty in its Complaint, Paycom resides in the States of Delaware and Oklahoma.  (Compl. ¶¶ 2, 7.)  Paycom is a limited liability company that has a single member, Paycom Payroll Holdings, LLC.

(Declaration of John Graves ¶ 3.) Paycom Payroll Holdings, LLC itself has three members: Paycom Software, Inc., WCAS Paycom Payroll Holdings, Inc. and WCAS CP IV Blocker, Inc. (*Id.* ¶ 4.) All three of those entities are incorporated in the state of Delaware and are headquartered in Oklahoma City, Oklahoma. (*Id.* ¶ 5.) Accordingly, Paycom resides in the States of Delaware and Oklahoma. Because Off Duty, the only other party, resides in California, there is complete diversity among the parties.

### B. The Amount in Controversy Exceeds $75,000

Pursuant to 28 U.S.C. sections 1332 and 1446(c)(2)(B), removal of the action is proper on the basis that the amount in controversy exceeds $75,000. "The amount in controversy is determined from the allegations or prayer of the complaint." *Wierzba v. E*Trade Fin. LLC,* No. 09-02883 JSW, 2009 WL 10699692, at *2 (N.D. Cal. Sept. 10, 2009). The amount demanded in the complaint controls so long as it was alleged in good faith. *Id.* Off Duty's Complaint seeks $413,000 in damages. (Compl. ¶ 26.) Therefore, the amount in controversy requirement, and all requirements for diversity jurisdiction are satisfied.

### IV. PLEADINGS, PROCESS AND ORDERS

On June 26, 2023, Plaintiff Off Duty Officers, Inc. ("Off Duty") filed a Complaint (the "Complaint") against Paycom in the Superior Court for the State of California, County of San Diego: *Off Duty Officers, Inc. v. Paycom Payroll, LLC*, Case No. 37-2023-00027153-CU-FR-NC (the "State Court Action"). The Complaint asserts the following causes of action under California law: (1) intentional misrepresentation, (2) negligent misrepresentation, (3) false promise, and (4) Violation of Business and Professions Code section 17200.

On June 30, 2023, Paycom was served with the Summons and Complaint. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are attached hereto Exhibits 1-3.

1  To Paycom's knowledge, no other related process, pleadings, or orders have been
2  filed or served upon Paycom.  Likewise, to Paycom's knowledge, no proceedings
3  have been held in San Diego County Superior Court.

4  **V.    JOINDER OF ALL DEFENDANTS**

5       Paycom is the only defendant served with the complaint.  The consent of
6  Does 1-10 for removal is not necessary because those defendants have not yet been
7  served in the State Court Action.  Since Paycom is the only defendant served with
8  the complaint, removal is proper pursuant to 28 U.S.C. section 1446(b)(2).

9  **VI.   NOTICE TO STATE COURT AND OFF DUTY'S COUNSEL**

10      Concurrently with the filing of this Notice of Removal in the United States
11 District Court for the Southern District of California, written Notice of Removal is
12 being given to Off Duty's counsel of record, Terence L. Greene, Daniel W. Towson,
13 and Ross M. Poole of Delmore Green LLP, and a copy of this Notice of Removal
14 will be filed with the Clerk of the San Diego County Superior Court as required by
15 28 U.S.C. section 1446(d).

16 **VII.  RESERVATION OF RIGHTS**

17      Paycom denies the allegations contained in Off Duty's Complaint and files
18 this Notice of Removal without waiving any defenses, objections, exceptions, or
19 obligations that may exist in its favor in either state or federal court.  Paycom also
20 specifically reserves the right to seek transfer of this action to a federal court in the
21 State of Oklahoma per the parties' governing agreement.  Further, in making the
22 allegations in this Notice of Removal, Paycom does not concede in any way that the
23 allegations in the Complaint are accurate, that Off Duty has asserted claims upon
24 which relief can be granted, or that recovery of any of the amounts sought is
25 authorized or appropriate.

26      Paycom also reserves the right to amend or supplement this Notice of
27 Removal.  And, in this regard, if any questions arise as to the propriety of the
28

- 5 -
DEFENDANT PAYCOM PAYROLL, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441

160244531

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

removal of the State Court Action, Paycom expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

## VIII. CONCLUSION

WHEREFORE, in accordance with the authorities set forth above, Paycom hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California and requests such other and further relief as the Court deems appropriate and just.

Dated:  July 31, 2023

Respectfully Submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP

By:  s/ Peter N. Villar
Peter N. Villar
Bryan M. Sonksen

Attorneys for Defendant
PAYCOM PAYROLL, LLC